Lane v. Fern, 20 Haw. 322.

## JOHN C. LANE *v.* JOSEPH J. FERN.

## ELECTION CONTEST.

ARGUED DECEMBER 9, 1910.        DECIDED DECEMBER 10, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE WHITNEY
IN PLACE OF HARTWELL, C.J.

ELECTIONS—*what constitutes a "decision" by inspectors.*

> The mere acceptance and the counting of ballots unlawfully exhibited by voters constitute "decisions" within the meaning of Sections 56 and 57 of Act 118, L. 1907, irrespective of whether the exhibiting was seen by or known to the inspectors prior to the acceptance or counting.

ELECTIONS—*exhibited ballots.*

> In order to render, under R. L., Sections 87 and 88, an exhibited ballot invalid, it is requisite that the ballot be exhibited wilfully to another after it has been marked and that the person to whom it is exhibited see its contents so as to be informed thereby for whom it is cast.

### OPINION OF THE COURT BY PERRY, J.

A demurrer to the petition as originally filed in this case was sustained. Ante p. 290. Subsequently the petitioner amended his petition by adding a paragraph, the substance of which is contained in the following extract: "And your petitioner alleges and charges that on the 8th day of November A. D. 1910 between the hours of 8 A. M. and 5 o'clock P. M. and 6:30 o'clock P. M. at said election booth in the sixth precinct of the Fourth District more than one hundred ballots were openly and wilfully and carelessly exhibited by the electors entitled to vote and who did vote for the duly nominated candidates for the said office of Mayor of the City and County of Honolulu in said polling booth and that the inspectors of election stationed therein and who received, deposited and counted said ballots, well knew that they were so exhibited before receiving them and depositing them in the ballot box and counting them." The respond-

ent demurs (orally, by consent) to the petition as amended on the ground that it does not set forth (1) "that said one hundred ballots, or any ballots at all, were seen by any persons other than by those who cast the same," (2) that the ballots "were so exhibited after the same had been marked," (3) that the ballots "were so exhibited as to enable the persons to whom they were alleged to have been exhibited to see for whom said votes were cast" and (4) "that the inspectors of election * * * knew that said alleged exhibited ballots had been seen by persons other than those casting the same and had been exhibited wilfully by the voters."

R. L., Secs. 87 and 88, provide that "No voter shall exhibit his ballot to any person, nor shall any person look at or ask to see the contents of the ballot of any voter, except as provided in section 89" and that "if any person * * * shall wilfully exhibit his ballot except as provided in section 89, after the same shall have been marked, he shall thereby forfeit his right to vote." In the opinion on the first demurrer it was held specifically, on this subject, that in order to invalidate a ballot not only must the exhibiting be done wilfully but "the exhibited vote must have been seen by another, a vote not being exhibited within the meaning of the law which is merely held so that another can see who does not in fact see." It is clear that both the statute and the former opinion refer to a "ballot" or a "vote" which has been marked by the voter so as to designate his choice of candidates. The blank forms of ballots handed to voters by the inspectors do not become ballots within the meaning of these provisions of sections 87 and 88 until they have been marked. While the paper still remains a blank the reasons for secrecy do not apply.

"The mere allegation of the amendment that the ballots "were openly and wilfully and carelessly exhibited" is not sufficient to meet these requirements. It is at least ambiguous and uncertain. There is no allegation that the exhibiting of the ballots was after they had been marked or that others saw

the exhibited ballots and the crosses and words thereon so as to be informed thereby for whom the votes so exhibited were cast.    Whether it is necessary to allege and prove in such a case as this that the inspectors knew of the exhibiting prior to their acceptance or counting of the ballots was not decided on the first demurrer, but the reasoning contained in the former opinion on the subject of the "questions" and of the "decisions" contemplated by the election statutes,—that reasoning need not be now repeated—logically requires the conclusion that such an allegation is not necessary.    If improper markings, though not observed at the time by the inspectors, are proper subjects for "decision" by the inspectors, and therefore of review on a contest in this court, the same must be true of the exhibiting of votes.    It would be impracticable in the latter case, as well as in the former, to enter into an investigation in each particular case on the question of whether or not the facts causing the alleged invalidity were actually observed by the inspectors.    The same objections of possible loss of memory by the inspectors and of the facts referred to having been observed by one or two only of the inspectors and not by the others apply in the one case as well as in the other.    It is the duty of the inspectors to be on the alert to detect any unlawful exhibiting as also it is their duty to detect improper markings. They must be presumed to have done their duty and to declare, when they accept and count a ballot, that none of the facts constituting invalidity exist.    In each instance the mere acceptance and counting is a "decision" irrespective of whether they observe the improper markings or the exhibiting.

On the first, second and third grounds the demurrer is sustained.

*G. A. Davis, A. F. Judd, R. W. Breckons* and *G. S. Curry* for petitioner.

*W. W. Thayer* and *C. W. Ashford* for respondent.